Blanche G. Stoddard
vs.
Metropolitan Life Insurance Co.

No. 91445.

February 15, 1934.

CAPOTOSTO, J. Following a verdict for the plaintiff under a life insurance policy, the defendant moves for a new trial on the ground that the verdict is against the evidence.

The insured, after consulting Dr. Parnell Fisher for a swelling on the posterior part of the upper left arm, on November 2, 1931, was referred to Dr. Wilfred Pickles for further examination. X-rays were taken by Dr. Philip Batchelder. The plates were also sent to Boston for diagnosis. About November 12, 1931, the doctors came to the conclusion that the insured had a cancer and immediately started ray treatment. During the month of November Dr. Pickles and Dr. Batchelder had at least four consultations each with the insured. Out of consideration for his peace of mind and because he sought no specific information, the patient was told that he was suffering from a tumor. Treatment was advised by Dr. Pickles and given by Dr. Batchelder up to the middle of January 1932, when it was suspended for observation.

On November 21, 1931, the insured signed an application for a one thousand dollar life policy with the defendant. Dr. Stephen A. Welch examined him for the insurance company on December 6, 1931. At that time the insured stated over his own signature that his present condition of health was good, that he was last sick with the measles but could not recall when, that his usual medical attendant was a doctor, whose name he did not remember, in Waterbury, Connecticut, that he had never had any cancer *or other tumor,* and that he had not been attended by a physician for the last five years.

The wife of the insured, who is the beneficiary under the policy, testified that although her husband had gone to Drs. Pickles and Batchelder, he considered himself in good health, that he never lost any time from his work as watch repairer, and that when Dr. Welch examined him he was in his undershirt with both arms bare.

Dr. Welch stated that, relying upon the history which he had received from the insured, he made an ordinary physical examination and found no abnormal condition. He further said that if he had been told of the trouble

for which the insured was then under actual treatment, he would not only have examined the arm more carefully but also would have sought further information from the attending physicians.

Dr. Batchelder testified that by December there was practically no visible swelling of the arm, although there might have been some redness at the site of the trouble as a result of the treatment applied.

The insured died from this cancer of the arm within the period of contestability.

The Court has great sympathy for the wife, but it cannot sustain the verdict in view of the flagrant concealment of facts by the insured which had a material bearing upon the issuance of the policy and a direct causal connection with his death. Even if the insured did not know that he was affected with cancer, yet he knew that he had consulted three doctors within a month, and that he was actually being treated for tumor by two of them. The verdict is a sympathetic finding unsupported by legal evidence.

Motion for new trial granted.

For plaintiff: Voigt, Wright & Munroe.

For defendant: Tillinghast, Morrissey & Flynn.